# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MELLISSA WOMACK,**

      **Plaintiff,**

v.    Case 2:11-cv-02831-SHM-cgc

**MEMPHIS CITY SCHOOLS,**

      **Defendant.**

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

**ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO PROVIDE SPACE TO HOLD DEPOSITIONS**

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE PRE-TRIAL MOTIONS**

**ORDER DENYING PLAINTIFF'S MOTION TO FORCE MEMPHIS CITY SCHOOLS TO PROVIDE DISCOVERY ITEMS**

Before the Court are the following motions: (1) Defendant Memphis City Schools' ("MCS") Motion to Dismiss (Docket Entry "D.E." #20); (2) Plaintiff's Motion for Court to Provide Space to Hold Depositions (D.E. #27); (3) Plaintiff's Motion for Extension of Time to File Pre-Trial Motions (D.E. #32); and, (4) Plaintiff's Motion to Force MCS to Provide Discovery Items (D.E. #33). The District Court has referred all pretrial matters within the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) for determination and all other pretrial matters for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). (D.E. #15).

For the reasons set forth herein, it is recommended that MCS's Motion to Dismiss (D.E. #20)

1

be GRANTED. It is further ordered that Plaintiff's Motion for Court to Provide Space to Hold Depositions (D.E. #27), Plaintiff's Motion for Extension of Time to File Pre-Trial Motions (D.E. #32), and Plaintiff's Motion to Force MCS to Provide Discovery Items (D.E. #33) are DENIED.

### I. Background

On September 23, 2011, Plaintiff filed a pro se Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Plaintiff's Complaint alleged that she was employed by MCS during the 2010-2011 school year and that MCS terminated her employment and retaliated against her by causing her "loss of teaching license." (Compl. ¶ 9). While Plaintiff utilized a form Title VII Complaint that requests that she indicate whether the discrimination was based upon race, color, sex, religion, or national origin, Plaintiff did not elect any of these bases in completing her Complaint. (*Id*.)

Plaintiff described the circumstances of the alleged discrimination in her Complaint as follows:

> (1) During interview Rosalind Martin (principal) asked Plaintiff her race and if she was scared to touch black people. (2) Defendants gave bad evaluations to Plaintiff due to retaliation of reporting accident on job. (3) Defendant terminated Plaintiff[']s employment due to retaliation of accident on job. (4) Defendants harassed Plaintiff about doctor visits including sending Plaintiff to labor board for a hearing. (5) Plaintiff was harassed and constantly told performance wasn't good since accident on job. (6) Defendant harassed Plaintiff stating she clocked bathroom break for 20 minutes while plaintiff walked with cane. (7) Defendants acted malicious toward defendant [sic] by calling U of M teacher and denying Master's project without telling Plaintiff. (8) Defendants asked Plaintiff to sign portfolios (TCAP) that she did not due [sic] or witness.

(Compl. ¶ 10). Plaintiff requests that MCS be directed to "grant teacher licensure," that MCS be required to "change evaluation to satisfactory," and that she be awarded "front and back pay." (Compl. ¶ 12(d)).

Plaintiff states that she filed charges against MCS with the Equal Opportunity Employment Commission ("EEOC") on March 28, 2011 and that she received a Notice of Right to Sue on July 5, 2011. (Compl. ¶¶ 7-8). The form Complaint instructs Plaintiff to attach a copy of the Notice of Right to Sue to the Complaint, but Plaintiff failed to do so. (Compl. ¶ 8).

On July 12, 2013, MCS filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. MCS filed as exhibits to the Motion to Dismiss Plaintiff's March 28, 2011 EEOC Charge of Discrimination ("EEOC Charge") and the EEOC's June 30, 2011 Dismissal and Notice of Rights ("EEOC Notice"). Plaintiff's EEOC Charge alleges discrimination solely on the basis of disability, although the form instructs her to check all "appropriate box(es)" for alleged bases of discrimination, including race, color, sex, religion, national origin, retaliation, genetic information, disability and "other." (Mot. to Dismiss, Exh. 1). Plaintiff's EEOC Charge alleges that the discrimination occurred from January 5, 2011 until March 28, 2011. Plaintiff's EEOC Charge provides that the particulars of her disability claim were as follows:

> Since January 5, 2011, to present, I have been harassed by Rosalind Martin, who is a Principal for the above named company. The harassment has included but is not limited to her accusing me of being unprofessional, stopping me from using power point in my classroom, requiring me to do extra lesson plans, not hiring a substitute teacher for my classroom, and accusing me of taking too long to go to the bathroom. Also, I have been subjected to discriminatory terms and conditions of employment in that I was given an unsatisfactory evaluation on or about February 15, 2011, and I was informed on or about March 7, 2011, that I will not be rehired for the school year of 2012. I am a Special Education Teacher and I have been employed with the company since March of 2010.
>
> I believe that I have been discriminated against because of my disability. I believe that the above is in violation of the Americans with Disabilities Act of 1990, as amended, (ADAAA) [sic].

(Mot. to Dismiss, Exh. 1).

On June 30, 2011, the EEOC issued its EEOC Notice to Plaintiff. (Mot. to Dismiss, Exh.

2). The EEOC Notice states that the EEOC was unable to conclude that the information obtained establishes violations of the statutes and advised Plaintiff that she would be permitted to file a lawsuit within ninety days of her receipt of the EEOC Notice. (*Id.*) Plaintiff timely filed her Complaint.

MCS's Motion to Dismiss asserts that Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff did not exhaust her administrative remedies with the EEOC as to her Title VII claims of discrimination on the basis of race and retaliation; (2) Plaintiff's Complaint fails to allege sufficient facts in support of her claims of discrimination on the basis of race and retaliation; (3) Plaintiff cannot bring a disability claim under Title VII; and, (4) Plaintiff's Complaint fails to allege sufficient facts in support of her disability discrimination claim.

On August 5, 2013, Plaintiff filed a Response to MCS's Motion to Dismiss. Plaintiff asserts that the Motion to Dismiss should be denied because she did not know "exactly what damages" were available to her at the time of filing, that "some teachers were scared of speaking up in fear of retaliation or job loss," that she "was trying not to put their jobs in jeopardy," and that "per research" she now knows that she "can subpoena them without the fear of job loss." (Resp. at 1). Plaintiff states that she alleges discrimination in violation of the Americans with Disabilities Act, "Wrongful Termination, Race Discrimination, and Retaliation." (*Id.*) Plaintiff further attempts to add extensive new requests for damages, as well as constitutional objections to dismissal of her Complaint. (*Id.* at 1-4).[1] On August 12, 2013, Plaintiff filed a supplemental Response to MCS's Motion to Dismiss,

---

[1] Plaintiff's Response to MCS's Motion to Dismiss is not a pleading, *see* Fed. R. Civ. P. 7(a), and the deadline to request leave to amend her Complaint expired on May 13, 2013. Accordingly, it is recommended that Plaintiff's clarification of her pending claims and her new requests for damages be disregarded.

which is virtually identical to her August 5, 2013 Response with only minor alterations. It appears to the Court that Plaintiff filed this supplemental Response to add a Notice of Service and Certificate of Service.

## II. Recommended Analysis

### A. *MCS's Motion to Dismiss (D.E. #20)*

#### i. *Race and Retaliation Claims*

First, MCS seeks that Plaintiff's claims of discrimination on the basis of race and retaliation be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v.*

---

[2] MCS alleges that Plaintiff's Complaint should be dismissed either pursuant to Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. MCS argues that the dismissal for failure-to-exhaust should be for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). However, the United States Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 294 (1982); *see also Hill v. Nicholson*, 383 Fed. Appx. 503 (6th Cir. 2010). Instead, the EEOC exhaustion requirement is a "condition precedent to a Title VII . . . claim." *Williams v. Northwest Airlines, Inc.*, 53 Fed. Appx. 350, 351 (6th Cir. 2002) (quoting *Zipes*, 355 U.S. at 392-98). Thus, whether the plaintiff properly exhausted the administrative remedies is more properly analyzed under Rule 12(b)(6) than Rule 12(b)(1). *See, e.g.*, *Sammy R. McKnight v. Robert Michael Gates*, No. 3:06-1019, 2007 WL 1849986, at *2 (M.D. Tenn. June 20, 2007).

*Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and

6

emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

To satisfy the condition precedent of exhaustion of remedies for a Title VII claim, a plaintiff must "trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law. . . . These investigatory and conciliatory procedures notify potential defendants of the nature of plaintiffs' claims and provide them with the opportunity to settle the claims before the EEOC rather than litigate them." *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). In *Davis*, the United States Court of Appeals for the Sixth Circuit concluded that a plaintiff could not bring a complaint in federal court under the Age Discrimination in Employment Act ("ADEA") when her EEOC charge of discrimination only indicated "race" and "other" as the motivations for the discrimination and "[n]owhere on the form did she indicate age as a potential cause of discrimination." Likewise, in *Younis v. Pinnacle Airlines*, 610 F.3d 359, 362 (6th Cir. 2010), the Sixth Circuit held that a Title VII plaintiff failed to exhaust his retaliation claim by failing to check the "RETALIATION" box on the charge form or include any allegations of retaliation in the narrative.

Upon review, Plaintiff checked "DISABILITY" as the sole basis for the alleged discrimination in her EEOC Charge and failed to check the boxes for "RACE" or "RETALIATION." The narrative on the EEOC Charge states that the discrimination is based upon her disability in violation of the Americans with Disabilities Act does and not reference discrimination on the basis of race or retaliation. Further, the allegations pertaining to race and

7

retaliation in the narrative of Plaintiff's Complaint—specifically that she was asked about her race, that she was asked if she was "scared to touch black people," and that she was retaliated against on the basis of an "accident on the job"—are not referenced at any point in the EEOC Charge.

The only exception that the Sixth Circuit has recognized to permit a plaintiff to file a complaint in federal court when the claims were not included in the EEOC charge is that the District Court may include claims "limited to the scope of the EEOC investigation" as well as claims "reasonably expected to grow out of the charge of discrimination." *Davis*, 157 F.3d at 463 (quoting *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir. 1980); *EEOC v. The Bailey Co., Inc.*, 563 F.2d 439, 446 (6th Cir. 1977)). To meet this criteria, the EEOC investigation of one charge must "*in fact* reveal[] evidence of a different type of discrimination against the plaintiff." *Davis*, 154 F.3d at 463 (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). The reason for the "expanded rule is that charges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include 'the exact wording which might be required in a judicial pleading.'" *Davis*, 157 F.3d at 463 (quoting *Bailey*, 563 F.2d at 447; *McCall Printing,* 633 F.2d at 1235). The Sixth Circuit cautioned, however, that this expanded rule does not mean "that plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court." *Davis*, 157 F.3d at 463. If plaintiffs were to be excused, the "charge filing requirement would be written out of the law, and the triggering and conciliation functions disabled." *Id* at 464.

In the instant case, as in *Davis*, Plaintiff's racial discrimination claim and retaliation claim neither in fact grew out of the EEOC investigation of disability discrimination nor would the facts

8

alleged have prompted the EEOC to investigate racial discrimination and retaliation. As already stated, Plaintiff did not mention in her EEOC Charge either that she was asked about her race, that she was asked whether she was "scared to touch black people," or that she was retaliated against on the basis of an "on the job accident." These are her only factual allegations of racial discrimination and retaliation, and they first appear in her Complaint. In fact, unlike *Davis*, where the plaintiff's age was at the very least included in the identifying information in the EEOC Charge, Plaintiff's race is nowhere referenced in her EEOC Charge. Accordingly, it is recommended that Plaintiff's EEOC Charge did not give the EEOC sufficient notice of her racial discrimination or retaliation claims to investigate or facilitate conciliation with her employer on those grounds. Thus, it is recommended that MCS's Motion to Dismiss Plaintiff's claims of racial discrimination and retaliation under Title VII be GRANTED pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### ii. Disability Claims

Next, MCS seeks that Plaintiff's claim of discrimination on the basis of disability, to the extent that one is raised in the Complaint, be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As already discussed, Plaintiff's EEOC Charge alleged discrimination on the basis of disability. However, Plaintiff's Complaint states that it brings claims under Title VII, which applies only to discrimination on the basis of race, color, religion, sex, or national origin and not to discrimination on the basis of disability. 42 U.S.C. § 2000e-2. Thus, as Title VII does not cover disability discrimination, Plaintiff's Complaint cannot raise a disability discrimination claim pursuant to Title VII.

Instead of Title VII, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

9

("ADA"), covers claims of disability discrimination. Under Title I of the ADA, which governs disability discrimination in employment, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(b)(5). To plead an ADA claim, a plaintiff must allege that she has a disability, that she is "otherwise qualified" for the job, and that defendants either refused to make a reasonable accommodation for her disability or made an adverse employment decision solely because of her disability. *Smith v. Ameritech*, 129 F.3d 857, 866 (6th Cir. 1997).

The ADA defines the term "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). An adverse employment action includes "termination of employment, a demotion evidenced by a decrease in wage or salary, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 886 (6th Cir. 1996). "Mere inconvenience" or an "alteration of job responsibilities," however, do not qualify. *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999).

Upon review, Plaintiff does not reference the ADA in her Complaint or specify that she alleges disability discrimination. However, Plaintiff does reiterate the factual basis of her disability discrimination claim from her EEOC Charge. Namely, Plaintiff's EEOC Charge asserted that she was harassed by Principal Rosalind Martin of MCS, including accusations that she took too long to use the restroom, and that this harassment was based upon her disability in violation of the ADA.

10

Plaintiff's Complaint raises the same accusation that she was harassed because she "clocked bathroom break for 20 minutes while Plaintiff walked with cane." (Compl. ¶ 10). Plaintiff's Complaint additionally references harassment regarding "doctor visits." (*Id*.) Ultimately, Plaintiff's Complaint alleges that she received "bad evaluations," that she was given poor performance reviews, that she lost her teaching license, and that her employment with MCS was terminated. (*Id*. ¶¶ 9-10).

With respect to whether Plaintiff is a qualified individual with a disability, it is not proper at the pleading stage for the Court to determine whether the medical condition alleged in the complaint suffices to classify a person as such; instead, the Court must accept as true the allegation of a disability unless the plaintiff can undoubtedly prove no set of facts entitling her to relief. *Mark Melman v. Metropolitan Government of Nashville and Davidson County*, No. 3:08-cv-1205, 2009 WL 2027120, at *3 (M.D. Tenn. July 9, 2009) (citing *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2000)). Plaintiff has alleged a medical condition that affects her ability to walk, has alleged harassment regarding her ability to walk, particularly as it relates to the speed in which she can undertake on-the-job responsibilities, and has alleged harassment regarding doctor visits. Accepting the facts alleged in the Complaint as true and construing all reasonable inferences in Plaintiff's favor, the Court does not conclude that Plaintiff undoubtedly can prove no set of facts that would permit her to be deemed a qualified individual under the ADA.

Additionally, Plaintiff has alleged that she suffered the adverse employment action of termination of her employment. She has also alleged other changes in the terms, conditions, and privileges of her employment that may be sufficient to be deemed an adverse employment action given the indices unique to her particular situation. These allegations include, most notably, the loss of her teaching license. Thus, it is recommended that Plaintiff has sufficiently alleged that she

suffered an adverse employment action.

However, as to the final requirement, Plaintiff is required to allege that she is "otherwise qualified" for her job. Even upon the most liberal reading of a pleading afforded to a pro se litigant, Plaintiff's Complaint does not contain any allegations as to this element, and a pleading is insufficient without such allegations. Accordingly, based upon Plaintiff's failure to allege facts to support a finding that she was "otherwise qualified" to be employed as a special education teacher, it is recommended that MCS's Motion to Dismiss Plaintiff's claims of disability discrimination be GRANTED pursuant to Rule 12(b)(6).

### B. *Plaintiff's Motion for Court to Provide Space to Hold Depositions (D.E. #27)*

Next, Plaintiff filed a "Motion for Court to Provide Space to Hold Depositions" (D.E. #27) on August 12, 2013—one day before the final discovery deadline established by the District Court. (D.E. #14). Plaintiff requests that she be provided a courtroom to depose six MCS employees. Plaintiff states that she would like to subpoena these employees and that she "would like to have a court reporter present or if that is too costly to use a tape recorder to record depositions." Plaintiff alternatively requests "to subpoena these witnesses to fill out interrogatories" and requests an extension of the discovery deadline to complete this discovery. She states that she lives "six hours away" and does not think it would be "feasible to have the witnesses come to [her] nor is it easy to come to each witness." Finally, Plaintiff provides the addresses for possible subpoenas, offers to "submit the list of questions to the court for the subpoena," and requests guidance for filling out forms to depose these witnesses at the courthouse or to issue subpoenas.

Upon review, the Court does not provide courtroom usage, court reporter services, or other recording options to litigants for depositions. As for Plaintiff's request for an extension of the

discovery deadline to pursue depositions or interrogatories, Rule 6 of the Federal Rules of Civil Procedure provides that, when an act may or must be done within a specified time, the court may extend the deadline upon motion before the time expires upon a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A). Although Plaintiff argues that she does not reside near the witnesses, the Court finds that this is not sufficient to establish good cause, as this obstacle would have been present throughout the discovery period and does not explain why Plaintiff would need additional time to comply. Further, Plaintiff does not allege that she has made any efforts prior to the eve of the discovery deadline to obtain the discovery she desires. Accordingly, Plaintiff's Motion for Court to Provide Space to Hold Depositions (D.E. #27) is DENIED.

### *C. Plaintiff's Motion for Extension of Time to File Pre-Trial Motions (D.E. #32) and Plaintiff's Pro Se Motion to Force Memphis City Schools to Provide Discovery Items (D.E. #33)*

Finally, Plaintiff filed a Motion for Extension of Time to File Pre-Trial Motions (D.E. #32) on September 13, 2013 and a Motion to Force Memphis City Schools to Provide Discovery Items (D.E. #33) on September 30, 2013.

Plaintiff's Motion for Extension of Time to File Pre-Trial Motions states that she has "not received any of the discovery items" that she has requested and seeks to extend the pre-trial motions deadline to permit her time to review documents she seeks to obtain from MCS and "accurately" prepare her pre-trial motions. Plaintiff also states that she "waited to the last moment" so that she "may review the documents."

Plaintiff filed this motion after the August 13, 2013 final discovery deadline expired and on the day of the September 13, 2013 deadline for pre-trial motions. In this motion, she does not request that the court compel any action from MCS; instead, she only seeks to extend the pre-trial

13

motions deadline.

As stated above, Rule 6 of the Federal Rules of Civil Procedure provides that, when an act may or must be done within a specified time, the court may extend the deadline upon motion before the time expires upon a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A). The Scheduling Order states that "[p]re-trial motions of any other kind may not be filed after September 13, 2013." Thus, Plaintiff's motion was filed before the time expired, and a showing of good cause would be sufficient to obtain an extension.

While Plaintiff generally states that she wishes to obtain certain discovery from MCS, she does not specify what discovery she seeks and whether it was properly requested before the August 13, 2013 discovery deadline passed. Further, Plaintiff does not state why she waited from the time of the August 13, 2013 deadline until the day of the September 13, 2013 pre-trial motion deadline not to request that MCS be compelled to provide any specific documents but simply to extend the pre-trial motion deadline. Finally, Plaintiff's admission that she "waited to the last minute so that [she] may review the documents" does not bolster her claim for good cause. Accordingly, the Court finds that Plaintiff has not established good cause for an extension of the September 13, 2013 pre-trial motion deadline, and Plaintiff's Motion for Extension of Time to File Pre-Trial Motions (D.E. #32) is hereby DENIED.

Plaintiff's Motion to Force Memphis City Schools to Provide Discovery Items states that she has not "received any of the discovery items" that she has requested from MCS and that she seeks to "force Memphis City Schools to provide me all the documents" as she requested in "both letters." The Court will construe this as a motion to compel, which is governed by Rule 37 of the Federal Rules of Civil Procedure. As an initial matter, the "motion must include a certification that the

14

movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff has not included any such certification with her motion.

Additionally, Rule 37 provides that a party seeking discovery may move for an order compelling production if the discovery pertains to certain categories. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). Plaintiff has provided no information as to whether her discovery was properly and timely requested, and Rule 37 "does not allow a requesting party to compel discovery of items not requested in accordance with discovery procedures." *Yvonne S. Blackmond v. UT Medical Group, Inc*, No. 02-2890 MAV, 2004 WL 3142214, at *2 (W.D. Tenn. Nov. 2, 2004). Accordingly, based upon Plaintiff's failure to provide a certificate of consultation and failure to provide information regarding the nature of her discovery requests, Plaintiff's Motion to Force Memphis City Schools to Provide Discovery Items (D.E. #33) is hereby DENIED.

### III.  Conclusion

For the reasons set forth herein, it is recommended that MCS's Motion to Dismiss (D.E. #20) be GRANTED. It is further ordered that Plaintiff's Motion for Court to Provide Space to Hold Depositions (D.E. #27), Plaintiff's Motion for Extension of Time to File Pre-Trial Motions (D.E. #32), and Plaintiff's Motion to Force MCS to Provide Discovery Items (D.E. #33) are DENIED.

**DATED** this 22nd day of October, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

15

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**