```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| **Mellissa Womack,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    No. 11-2831 |
| | ) |
| **Memphis City Schools,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

Before the Court is Defendant Memphis City Schools' ("Defendant") Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction and the Magistrate Judge's October 22, 2013 Report and Recommendation (the "Report"). (Motion, ECF No. 20; Report, ECF No. 34.) Plaintiff Mellissa Womack ("Womack") has not objected to the Magistrate Judge's Report and the time for doing so has passed. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). The Magistrate Judge recommends that the Court grant Defendant's Motion to Dismiss for Failure to State a Claim and dismiss Womack's complaint. For the following reasons, the Court ADOPTS

the Report of the Magistrate Judge. Defendant's Motion to Dismiss for Failure to State a Claim is GRANTED. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

Congress intended 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). "'Only those specific objections to the magistrate's report . . . will be preserved for [] review.'" Carson v. Hudson, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005)); see also Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  Id. at 151.

Defendant argues that a dismissal for failure to timely exhaust Womack's administrative remedies should be granted under Rule 12(b)(1).  (Memo. Supp. Mot. Dismiss at 5-6, ECF No. 20-1.)  The Magistrate Judge concluded that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite.  (Report at 5, n.2.)  The Magistrate Judge concluded that whether Womack properly exhausted her discrimination claims should be analyzed under Rule 12(b)(6).  (Id.)

Womack has not objected to the Magistrate Judge's Report.  The deadline for objecting, which was explicitly referenced in the Report, has passed.  Because Womack has failed to object, Arn counsels the Court to adopt the Report in its entirety.  Id.  Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks."  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

The Magistrate Judge's Report is ADOPTED.  Defendant's Motion to Dismiss for Failure to State a Claim is GRANTED.

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.  Womack's complaint is DISMISSED.

So ordered this 2nd day of December, 2013.

                                          s/Samuel H. Mays, Jr.
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE